Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
515 S. Figueroa Street
Suite 1800
Los Angeles, California 90071
Telephone: (213) 340-5796

Attorneys for Plaintiff
BACKGRID USA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> SPAIN WEB MEDIA CONSULTING SL, <br><br> *Defendant.* | Case No.: 2:23-cv-8585 <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> *Jury Trial Demanded* |

Plaintiff BackGrid USA, Inc., for its Complaint against Defendant Spain Web Media Consulting SL, doing business as HIGHXTAR., alleges as follows:

## JURISDICTION

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq. This Court therefore has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question) and § 1338 (copyright).

## PARTIES

### *Plaintiff BackGrid*

2. Plaintiff BackGrid is an entity organized and existing under the laws of the State of California with its principal place of business in Redondo Beach, California.

3. BackGrid is a global premier celebrity news and photo agency that provides the world's news outlets with real-time content from the top photographers. BackGrid also maintains a library of photographs on a diverse range of subjects including celebrities, music, sports, fashion, and royalty.

4. BackGrid licenses its photographs to leading magazines, newspapers, and editorial clients, throughout the world, including in the United States and in California.

5. BackGrid conducts business as a syndicator of photos and photo features of popular content. The business model is predicated on licensing the use of work to many different licensees, each of which pays a fee to publish.

*Defendant*

6. On information and belief, defendant HIGHXTAR. is a private limited company organized under the laws of the country of Spain.

7. HIGHXTAR. is a prominent Spanish digital platform known for its in-depth coverage of contemporary culture, including fashion, music, and art. While rooted in Spain, the online magazine offers a global perspective, making it appealing to international audiences.

8. On information and belief, HIGHXTAR. owns, operates, or is responsible for the content of the social media account @highxtar on Instagram the social media account @highxtar_ on and X, formerly known as Twitter.

*Personal Jurisdiction and Venue*

9. As a result of a Digital Millennium Copyright Act counternotification filed with Instagram, HIGHXTAR. has consented to personal jurisdiction in any judicial forum in the United States in which Meta Platforms, Inc., the corporate owner of Instagram, may be found.

10. On information and belief, Meta Platform can be found in the State of California and in this judicial district.

11. Accordingly, this Court has personal jurisdiction over HIGHXTAR.

12. Venue in this judicial district is proper under 28 U.S.C. § 1400(a).

## BACKGROUND FACTS

*The Copyrighted Photographs*

13. BackGrid is the owner and copyright holder of 12 photographic images (the "Images") as follows:

14. Images 1 and 2 depict Kim Kardashian and Pete Davidson photographed together for the first time. Images 1 and 2 were registered with the U.S. Copyright Office as Reg. No. VA 2-277-774 (eff. Nov. 19, 2021).

15. Image 3 depicts Kim Kardashian and Pete Davidson vacationing together as a couple in the Bahamas. Image 3 was registered with the U.S. Copyright Office as Reg. No. VA 2-285-738 (eff. Jan. 1, 2022).

16. Image 4 depicts musician A$AP Rocky attending Rihanna's 35th birthday in Santa Monica, California. Image 4 was registered with the U.S. Copyright Office as Reg. No. VA 2-352-620 (eff. May 17, 2023).

17. Images 5 through 7 depict model Kendall Jenner and musician Bad Bunny spotted together being affectionate for the first time. Images 5 through 7 were registered with the U.S. Copyright Office as Reg. No. VA 2-353-897 (eff. June 5, 2023).

18. Image 8 also depicts model Kendall Jenner and musician Bad Bunny spotted together being affectionate for the first time from a different angle. Image 8 was registered with the U.S. Copyright Office as Reg. No. VA 2-353-898 (eff. June 5, 2023).

19. Images 9 through 11 depict musicians Jay-Z and Beyoncé's $200 million mega mansion in Malibu, California for the first time as move-in

began. Images 9 through 11 were registered with the U.S. Copyright Office as Reg. No. VA 2-359-363 (eff. Aug. 16, 2023).

20. Image 12 depicts musician Kanye West out for ice cream in Los Angeles, California. Image 12 was registered with the U.S. Copyright Office as Reg. No. VA 2-359-355 (eff. Aug. 4, 2023).

### *The Infringements*

21. BackGrid never licensed the Images to defendant. Nevertheless, defendant used the Images without authorization or permission to do so.

22. Defendant or its agents copied each of the Images from Internet sources—on information and belief including legitimate licensees of BackGrid—stored the Images on its servers, and displayed the Images by using them to boost user engagement, increase shareability on social media, and lend credibility to content, which in turn contributed to the growth and reputation of HIGHXTAR.'s digital presence.

### *Defendant's Infringements Harmed BackGrid*

23. The Images are creative, distinctive, and—as evidenced by defendant's use and misappropriation of them—valuable. Because of the Images' quality, visual appeal, and celebrity subject matter, BackGrid stood to gain revenue from licensing them.

24. But defendant's unauthorized use of the Images harmed the existing and future market for the Images. Defendant's posts made the Images immediately available to its followers and to the public, including consumers of entertainment, streetwear, and high fashion news—and especially news and images of the celebrity subjects of the Images—who would otherwise be interested in viewing licensed versions of the Images in the magazines, newspapers, and online publications that are BackGrid's customers.

25. Defendant's unauthorized use of the Images also harms BackGrid's business model by driving down the prices for legitimately licensed celebrity images and driving away BackGrid's actual and potential customers. BackGrid's customers—among them, media companies who compete with defendant and, unlike defendant, pay large license fees for celebrity visual content—are less likely to purchase licenses, or pay as much for a license, when the same visual content will be widely distributed simultaneously on the websites of their competitors.

26. BackGrid sold and offered for sale *all* of the Images on an Exclusive or Premium Exclusive basis, meaning that they depict celebrities or situations that are in extremely high demand and they are the only photographs available of specific celebrities and situations in the world (because no other photographers were present at the time the photographs were taken). For those reasons, Exclusive and Premium Exclusive Images command a higher licensing fee and are more valuable.

27. In addition, defendant's unauthorized uses of the Images are commercial in nature. Defendant uses in-demand content about popular celebrities to promote its digital platform.

28. Indeed, on information and belief, defendant specifically posted the Images on Instagram and X, formerly known as Twitter, to increase sales of its products. On information and belief, defendant knew that because of the Images' depictions of popular celebrities, users would be attracted to view the Images and thus more likely to subscribe and follow the HIGHXTAR. social media accounts and web site and engage with and share the digital platform's content, thus enhancing its reach and online influence.

29. As a company in the digital publishing industry, defendant operates in an industry in which copyrights are prevalent and well-understood. Based on that knowledge, defendant was aware of the

importance of copyright protection and knew that it needed to have but did not have permission to use the Images, and/or it acted recklessly by posting the Images without determining the right to do so.

## CLAIM ONE

### (For Copyright Infringement, 17 U.S.C. § 501)

30. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

31. Plaintiff is the authors and or/copyright owners of the protected Images named above in this Complaint.

32. Defendant has reproduced, displayed, or otherwise copied the Images without plaintiff's authorization or license.

33. The foregoing acts of defendant infringed upon the exclusive rights granted to copyright owners under 17 U.S.C. § 106 to display, reproduce, and distribute their work to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

34. Plaintiff has complied in all respects with 17 U.S.C §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced works in accordance with 17 U.S.C § 408.

35. Plaintiff suffered damages as a result of defendant's unauthorized use of the Images.

36. Having timely registered its copyright in the Images, plaintiff is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered.

37. Plaintiff alleges, on information and belief, that that defendant's actions were intentional or in reckless disregard of plaintiff's copyrights, and that such actions support an award of enhanced statutory damages for willful

infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to $150,000 per infringed work.

38. In the alternative, plaintiff is entitled to recovery of their actual damages and defendant's profits attributable to the infringement of the Images, under 17 U.S.C. § 504(b).

39. Within the time permitted by law, plaintiff will make their election between actual damages and profit disgorgement, or statutory damages.

40. Plaintiff is also entitled to a discretionary award of attorney fees under 17 U.S.C. § 412 and § 505.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests the following:

A. For a preliminary and permanent injunction against defendant and anyone working in concert with them from further copying or displaying the Images;

B. For an order requiring defendant to account to plaintiff for their profits and any damages sustained by plaintiff arising from the acts of infringement;

C. As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Images used in violation of plaintiffs' copyrights—including digital copies or any other means by which they could be used again by defendant without plaintiff's authorization—as well as all related records and documents;

D. For actual damages and all profits derived from the unauthorized use of the Images or, where applicable and at plaintiff's election, statutory damages;

E. For an award of pre-judgment interest as allowed by law;

F. For reasonable attorney fees;

G. For court costs, expert witness fees, and all other costs authorized under law;

H. For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues permitted by law.

Dated:  October 12, 2023     Respectfully submitted,

**PERKOWSKI LEGAL, PC**

By:   /s/ Peter Perkowski
         Peter E. Perkowski

Attorneys for Plaintiff
BACKGRID USA, INC.